IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REAUX MEDICAL INDUSTRIES, LLC, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:09-CV-1582-M |
| | § | |
| STRYKER CORPORATION and | § | |
| RACING OPTICS, INC., | § | |
| Defendants. | § | |

## ORDER ACCEPTING THE FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The Court has under consideration the Findings, Conclusions, and Recommendation of United States Magistrate Judge Paul D. Stickney, construing the claims of the '039 patent. The plaintiff filed objections, and the District Court has made a *de novo* review of those portions of the proposed Findings, Conclusions, and Recommendation to which objection was made. The objections are sustained in part and overruled in part.

The Court accepts and adopts the Claim Constructions recommended by the United States Magistrate Judge as contained in Exhibit A to the Findings and Recommendations, with these exceptions:

1. The Court does not believe an interpretation of "a face and eye covering device" in Claim 1 is required.

2. In the last item on Page 2 of Exhibit A, the last word, "layer," should read "layer(s)."

3. Page 3, "face cover" will be construed instead as "a face covering, designed and formed to provide a separation between the nose and mouth of the wearer and the external environment. All other references to "face cover" will be subject to this same definition.

The Court intends by the third modification not to exclude either a hood or a face mask, otherwise meeting the claim elements, from being included within the term "face cover."

The Court rejects the plaintiff's objections relating to adding the word "peelable" and "nonpeelable" to the constructions of the lens and lens protector layers. Although the Court notes that there are references to "peeling" and "peeled" in the specifications, the Court finds no basis for limiting the word "releasable" to "peelable". If that is the only kind of releasability that was intended, it is reasonable to expect that some derivation of the word "peel" would appear in the claim. Releasability suggests other means than peeling, such as sliding off, or "popping" off, and so the Court will not limit its definition to peelable.

**SO ORDERED** this 19th day of May, 2011.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS